UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 08-50268 |
|---|---|
| Plaintiff - Appellee, | D.C. No. 8:05-cr-00036-JVS-2 |
| v. | U.S. District Court for Central California, Santa Ana |
| ALLEN RAYMOND JOHNSON, | MANDATE |
| Defendant - Appellant. | |



RECEIVED
CLERK, U.S. DISTRICT COURT
JAN -4 2010
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

The judgment of this Court, entered June 12, 2009, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court

Gabriela Van Allen
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 12 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 08-50268 |
|---|---|
| Plaintiff - Appellee, | D.C. No. 8:05-cr-00036-JVS-2 |
| v. | |
| ALLEN RAYMOND JOHNSON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted April 15, 2009**
Pasadena, California

Before: KOZINSKI, Chief Judge, PREGERSON, Circuit Judge, and QUIST***,
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Johnson appeals the $2,515,560 restitution order imposed by the district court after he pleaded guilty to wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, and money laundering in violation of 18 U.S.C. § 1954(h). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The district court did not abuse its broad discretion in ordering restitution in the amount of $2,515,560. *See* 18 U.S.C. § 3663A; *United States v. Berger*, 473 F.3d 1080, 1104 (9th Cir. 2007). Defendant is required to pay restitution to "any person directly harmed by the defendant's criminal conduct in the course of the scheme." 18 U.S.C. § 3663A(a)(2). Here, Johnson directly and proximately caused the losses in question and the district court's loss calculation accurately reflects the $2,515,560 in wirings Johnson sent to Mortgage Capital Resources ("MCR") after discovering that MCR was not funding the loans as required. Moreover, the district court did not apportion all of the victims' losses to Johnson, and limited the restitution order to reflect "the differences in culpability" between Johnson and his co-defendant.

Nor did the district court abuse its discretion by failing to consider Johnson's financial resources, as the record clearly reflects that the district court considered Johnson's financial resources, financial needs, and earning capacity before ordering restitution. *See United States v. Cannizzaro*, 871 F.2d 809, 810-11 (9th Cir. 1989); *United States v. King*, 257 F.3d 1013, 1028-29 (9th Cir. 2001). There

is also ample evidence to support the district court's conclusion that Johnson "may be able to pay the restitution in the amount ordered in the future." *King*, 257 F.3d at 1029.

Finally, the district court did not abuse its discretion by concluding that Johnson's malpractice insurance carrier, Lloyd's, was entitled to restitution. In this case, Johnson pleaded guilty to the exact conduct that gave rise to Lloyd's payment to Johnson's victims, and Johnson's malpractice insurance policy did not and could not cover intentional criminal conduct. *See* Cal. Ins. Code § 533.

AFFIRMED.