CRAIG WILKE (150728)
craig@craigwilkelaw.com
305 North Harbor Boulevard, Suite 216
Fullerton, California 92832-1901
Telephone (714) 870-8900
Facsimile  (714) 879-2278

Attorney for Defendant
ALLEN JOHNSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>ALLEN JOHNSON,<br><br>Defendant-Movant. | NO.  SA CV 10-1641-JVS<br>       SA CR 05-36-JVS<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

Defendant-Movant Allen Johnson, by and through his attorney of record, Craig Wilke, hereby files a supplemental memorandum of points and authorities in support of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 which addresses the recent Ninth Circuit decision in *United States v. Garrido*, 713 F.3d 985 (9th Cir. 2013).

Respectfully Submitted,

Dated: June 10, 2013

              /s/
CRAIG WILKE
Attorney for Defendant-Movant
Allen Johnson

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**

On October 26, 2010, Defendant-Movant Allen Johnson filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 claiming that the United States Supreme Court's decision in *Skilling v. United States*, 130 S. Ct. 2896, 177 L. Ed. 2d 619 (2010), which limited the reach of "honest services" fraud under 18 U.S.C. § 1346 to "fraudulent schemes to deprive another of honest services through bribes or kickbacks supplied by a third party who had not been deceived," *id*. at 2928, rendered the conduct to which he pleaded guilty no longer criminal. *See* Mot. at 2. The government filed its opposition on December 3, 2010; Johnson filed his reply on January 7, 2011; and the matter has been under submission to the Court for the past two and one-half years. On April 15, 2013, the Ninth Circuit issued an opinion in *United States v. Garrido*, 713 F.3d 985 (9th Cir. 2013), which, as discussed below, is directly on point to the issues in this case.

In *Garrido*, the defendants Robles and Garrido were convicted following a jury trial of multiple counts of "honest services" fraud. *Id*. at 988. While on appeal, the Supreme Court issued its opinion in *Skilling* which, in the words of the Ninth Circuit, "narrowed the scope of 18 U.S.C. § 1346 to include only honest services fraud based on bribery and kickback schemes" and "prohibited prosecutions . . . based on a *failure to disclose a conflict of interest* as unconstitutionally vague." *Id*. (citing *Skilling*, 130 S. Ct. at 2932-33). Although the indictment and jury instructions encompassed a bribery and kickback scheme, *id*. at 996, and the evidence supported the conviction under this theory, *id*. at 997, the court found plain error "because the . . . instructions permitted the jury to convict . . . on *Skilling's* now unconstitutional failure to disclose theory . . . ." *Id*. at 995. The court also reversed Robles' money laundering convictions which required proof of a "monetary transaction in criminally derived property," noting that the indictment alleged that the "criminally derived property" was money derived from Robles' honest services fraud . . . [and] because

/

2

the § 1346 honest services convictions were constitutionally defective under *Skilling*, so too were the [money laundering] convictions." *Id*. at 998-99.

In light of *Garrido*'s interpretation of *Skilling*, there is no reasonable dispute that the conduct to which Johnson pleaded guilty is no longer criminal. The indictment in *Garrido* "could be read to at least imply a bribery or kickback scheme." *Id*. at 996; *see also id*. at 989 n.1 (indictment alleged that co-schemer received over $2 million from city contracts and, in turn, paid over $1.4 million to Robles' family and friends). The jury instructions in *Garrido* referred to bribery and kickbacks as "example[s] of schemes that could amount to honest services fraud . . . ." *Id*. at 996. The evidence in *Garrido* supported a conviction under and bribery or kickback theory as a co-schemer testified that Robles instructed him to funnel more than half the proceeds from a municipal contract to Robles' relative, *id*. at 997, and the Ninth Circuit found sufficient evidence to affirm Robles' conviction on five bribery counts based on this conduct, *id*. at 999-1002. Nonetheless, the court reversed the defendants' honest services fraud convictions after concluding that there was a "reasonable probability that the jury convicted [them] of honest services fraud based on their failure to disclose a conflict of interest," *id*. at 995-96, and acquitted the defendants of the honest services fraud counts where it was undisputed that the theory under which they were convicted was an undisclosed self-dealing theory, *id*. at 999.

In this case, Johnson pleaded guilty to six counts of honest services fraud based on a theory that, in acting as a closing agent for home purchase and equity loans, he defrauded lenders (to whom he had a fiduciary obligation) of their right to his honest services by disbursing loan proceeds to the loan originator (*i.e.*, codefendant Kenneth Ketner) rather than directly to the borrower while also paying the loan originator a portion of the fees he received as the closing agent and disguising these payments. *See* Memo. of P.&A. at 2-4 (filed Aug. 25, 2010). Johnson was never charged with and never admitted to defrauding lenders to whom

3

1  he had a fiduciary obligation of their right to his honest services by accepting a bribe
2  or kickback. *See* Indictment (Ex. A to Mot.) at 1-2, 9-17; Plea Agreement (Ex. B to
3  Mot.) at 4-7; Transcript of Guilty Plea Hearing (Ex. C to Mot.) at 22-30. As there has
4  never been any allegation or admission that Johnson defrauded lenders of their right
5  to his honest services by accepting a bribe or kickback,[1] the Ninth Circuit's opinion
6  in *Garrido* provides additional authority for Johnson's claim that the conduct
7  underlying his conviction is not the type of bribery or kickback scheme to which
8  *Skilling* narrowed the scope of honest services fraud. *Garrido* also supports
9  Johnson's claim that his money laundering conspiracy conviction should be vacated
10 because the monetary transactions contemplated by the conspiracy to which he
11 pleaded guilty did not involve criminally-derived property.

12                                          Respectfully Submitted,

13 Dated: June 10, 2013                     /s/
                                            CRAIG WILKE
14                                          Attorney for Defendant-Movant
                                            Allen Johnson

---

[1]  The indictment's allegation that Johnson "provided a portion of the closing fee to defendant KETNER as a kickback," Indictment (Ex. A to Mot.) at 11, ¶ 16(h), is not sufficient for a post-*Skilling* honest services fraud charge because there was no allegation that Ketner had a fiduciary duty to the victim lenders. *See United States v. Milovnovic*, 678 F.3d 713, 722-24 (9th Cir. 2012) (en banc) (*Skilling* requires breach of fiduciary-type duty as element of "honest services" fraud); *see also* Reply at 10-11.

4